Heather Clark **REYNOLDS**, Movant,

v.

**KENTUCKY BAR ASSOCIATION,**
**Respondent.**

No. 2010–SC–000617–KB.

Supreme Court of Kentucky.

Oct. 21, 2010.

## OPINION AND ORDER

Heather Clark Reynolds, KBA No. 88182, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2000 and is currently suspended for non-payment of Bar dues pursuant to SCR 3.050, by an order entered by this Court on December 10, 2008. Her bar roster address is 904 E. 5th Street, Fowler, Indiana 47944. She moves this Court to enter an order permanently disbarring her from the practice of law, pursuant to SCR 3.480(3). The Kentucky Bar Association has no objection, and requests that we grant Reynolds' motion to resign under terms of permanent disbarment. Because Reynolds' violations occurred prior to the effective date of the current rules, all rules referenced herein are the pre-July 15, 2009 rules.

### KBA Files 13370 and 13381

Kentuckiana Motion X-ray (KMX) treated three of Reynolds' clients who had been involved in motor vehicle accidents. The three clients signed doctor's liens authorizing Reynolds to withhold sums from their potential recoveries to pay KMX, and Reynolds assured KMX in writing that she would protect their liens and withhold from her clients' recoveries the amounts they owed to KMX. However, when two of the cases settled, Reynolds neither notified KMX nor withheld any sums from her clients' recoveries. No sums were remitted to KMX to cover the charges incurred by the clients. These two client accounts were turned over for collection in addition to that of another of Reynolds' clients whose account went unpaid. During its investigation of these matters, the Office of Bar Counsel made numerous requests of Reynolds to provide specific information

regarding the matter, the responses to which were late and did not specifically address the questions posed.

On October 20, 2008, the Inquiry Commission issued a three-count charge against Reynolds, charging her of violations of SCR 3.130–1.15(b) (for receiving funds in which she acknowledged a third party was interested, but failing to timely notify or deliver funds to that party), SCR 3.130–1.15(c) (for receiving funds in the course of representation that were the subject of a dispute and not keeping the disputed portion separate until the resolution of the dispute), and SCR 3.130–8.1(b) (for failing to timely respond to Bar Counsel's repeated requests for information regarding this matter). Reynolds admits to these violations.

### KBA File 15305

Alicia Kimmel retained Reynolds to represent her in a personal injury matter. When Kimmel later verbally terminated Reynolds, she requested a complete copy of her case file and medical records. After several unsuccessful attempts to obtain her records from Reynolds, Kimmel sought other representation in the matter. Finally, after the newly retained counsel wrote to Reynolds, she eventually provided most of the requested materials.[1]

On December 21, 2007, the Inquiry Commission issued a one-count charge against Reynolds alleging she had violated SCR 3.130–1.16(d) by failing to protect her client's interests at termination of representation by not timely providing her client the file documents she was entitled to receive. Reynolds admits to this violation.

---

1. In Reynolds' response to the letter from Kimmel's newly retained counsel, Reynolds stated: "I do not feel that I should be required to turn over my personal work product of the case, particularly to an attorney who conspired to steal the case from me."

## KBA File 16038

Reynolds was retained by Ranzel Merideth, Jr. and filed action 05–CI–3943 in Jefferson Circuit Court on May 4, 2005 on his behalf, naming Deborah Andres, Mary Andres, AIG Insurance, and State Farm Insurance as defendants. State Farm, AIG, and Mary Andres were all dismissed from the suit with prejudice. Reynolds failed to prosecute the case and to adhere to an earlier order of the trial court which established timelines for discovery, witness notifications, and motions. The trial court dismissed the suit with prejudice pursuant to CR 41.02(1) on June 7, 2007. In spite of the fact that his case had been dismissed with prejudice, Reynolds sent Merideth a letter on September 3, 2007 indicating that they "should proceed with the case against Deborah and Mary Andres and continue working towards settlement or trial." Then, following an October 2007 meeting with Reynolds, Merideth understood that she "was to contact AIG again and get back to [him] on what they said." Reynolds did not contact Merideth after this meeting, in spite of numerous attempts on his part to get in touch with her.

On September 25, 2008, the Inquiry Commission issued a four-count charge against Reynolds, alleging that she had: (1) violated SCR 3.130–1.3 by failing to act with reasonable diligence and promptness in representing Merideth; (2) violated SCR 3.130–1.4(a) by failing to keep Merideth reasonably informed about the status of the matter or comply with reasonable requests for information from October 2007 to February 2008; (3) violated SCR 3.130–1.4(b) by failing to explain the matter to the extent reasonably necessary for informed decisions by not timely informing Merideth of the dismissals of three of the defendants from the suit with prejudice and what those dismissals meant to his potential recovery; and (4) violated SCR 3.130–8.3(c) by indicating to Merideth, in her letter dated September 3, 2007, that AIG and Mary Andres remained involved in his lawsuit, despite her knowledge that those parties, and the suit, had been dismissed with prejudice, and further by perpetuating the false belief to Merideth at the October 2007 meeting that AIG was still involved in the suit and that any further discussion with them was productive. Reynolds admits to these violations.

## KBA File 16116

Reynolds represented Phyllis Lynch in a personal injury matter which was settled in September 2005. Reynolds acknowledged a subrogation interest by Humana Health Plan of Kentucky against Lynch's settlement, and, after Humana rejected a settlement offer for $8,000 sent them a letter dated September 27, 2005 which stated: "Since $8,000.00 was unacceptable to your client, then I withdraw this offer and will now be sending you the exact amount you are owed, $7,332.37." Reynolds enclosed a check in the amount of $3,187.37 (not the $7,332.37 check alluded to in her correspondence) with her letter and listed this amount in the settlement statement given to Lynch. Humana returned the $3,187.37 check to Reynolds and filed suit against Lynch to recover $7,332.37. When Lynch informed Reynolds of the lawsuit, Reynolds first assured her that she "would take care of it" and then that "things were taken care of." These assurances continued until November 2007, when the McCreary Circuit Court entered a default judgment against Lynch for $7,332.37. She mailed this document to Reynolds asking for her help, but received no response. Lynch obtained replacement counsel and the default judgment was set aside and the matter settled. The settlement provided for Reynolds to pay the $3,187.37 she held in her escrow account to Humana, with Lynch paying the

balance in monthly payments. It further provided that if Lynch failed to make any payment on time, the "entire balance of the medical payments in the amount of $25,927.99 plus interest" would be due immediately.

On February 9, 2009, the Inquiry Commission issued a five-count charge against Reynolds, alleging that she had: (1) violated SCR 3.130–1.3 by failing to take reasonably diligent affirmative action on several occasions to resolve the subrogation claim of Humana against Lynch's settlement proceeds from September 2005 until after May 2007 and by failing to take any affirmative action from around November 2007 to represent Lynch when informed of the default judgment; (2) violated SCR 3.130–1.4(a) by failing to timely notify Lynch that the check Reynolds had tendered to Humana had been returned and by failing to respond timely (or at all) to numerous contact efforts from Lynch regarding the status of the matter from around May 2007 through December 2007; (3) violated SCR 3.130–1.4(b) by failing to inform Lynch of the correct status of the subrogation claim from September 2005 until around May 2007, by failing to inform Lynch that Humana returned the check Reynolds tendered to them, and by affirmatively misinforming Lynch on multiple occasions that she was making efforts to address Humana's suit; (4) violated SCR 3.130–1.15(b) by receiving funds in which she knew a third party (Humana) had an interest and failing to deliver to that third party the funds it was entitled to receive; and (5) violated SCR 3.130–8.3(c) by affirmatively misrepresenting to Lynch in the settlement statement that Humana's subrogation claim had been resolved for $3,187.37, failing to inform Lynch that Humana returned the check in said amount, falsely informing Lynch in May 2007 that she would "take care of" the suit filed by Humana, and by falsely informing Lynch

in September 2007 that "[e]verything [was] taken care of." Reynolds admits to these violations.

## KBA File 16234

Gloria J. Allen retained Reynolds on February 4, 2006 to represent her in her claim for disability retirement benefits. Allen was eligible to reapply for disability retirement benefits by December 3, 2006 and eligible to appeal an earlier adverse determination by May 31, 2006. Reynolds pursued neither of these actions. On November 1, 2007, Reynolds sent Allen a letter informing her that she was withdrawing from representation and suggesting that she contact another named attorney, to whom she had given Allen's file. Allen contacted the attorney, and was advised by him in a letter dated November 27, 2007 that her time limits for filing an appeal and for re-application had both passed without any action being taken, and that he was, therefore, unable to assist her.

On September 26, 2008, the Inquiry Commission issued a two-count charge against Reynolds alleging that she had: (1) violated SCR 3.130–1.1 by failing to provide Allen competent representation by missing both applicable filing deadlines; and (2) violated SCR 3.130–1.3 by failing to appeal the prior adverse determination against Allen and by failing to reapply for disability retirement benefits for Allen by the applicable deadlines. Reynolds admits to these violations.

## KBA File 16681

Roxanne Lawhorn retained Reynolds on December 6, 2006 for an action involving mold in her home, paying Reynolds a retainer of $500.00 and providing all the necessary documentation to proceed with the action. Reynolds filed a civil suit on

Lawhorn's behalf on February 8, 2007. In May 2007, the court dismissed Count II of Lawson's complaint when Reynolds failed to comply with its earlier order to file a more definite statement regarding that count. In November 2007, the court dismissed the entire action when Reynolds had not complied with its order to respond to the defendant's discovery requests. Reynolds failed to inform Lawhorn of either the dismissal of Count II or that of her suit. In early 2008, Lawhorn met with Reynolds and another attorney concerning her case, and was advised by a letter dated March 17, 2008 that neither Reynolds nor the other attorney would be representing her in the matter. In May 2008, Reynolds directed Lawhorn to another attorney. In preparation for a meeting with the recommended attorney, Lawhorn discovered that the court had dismissed her suit in November 2007 and the other attorney declined to represent her. Reynolds gave Lawhorn her client file in June 2009.

On August 13, 2009, the Inquiry Commission issued a three-count charge against Reynolds, alleging that she had: (1) violated SCR 3.130–1.4(b) by failing to inform Lawhorn of the dismissal of Count II of her suit, or of the entire suit; (2) violated SCR 3.130–1.16(d) by failing to timely assist Lawhorn in obtaining replacement counsel and by failing to provide Lawhorn with her client file until June 2009, nearly two years after the court had dismissed her suit; and (3) violated SCR 3.130–3.2 by failing to timely act in the ongoing civil matter, resulting initially in the dismissal of Count II, and ultimately in the dismissal of the suit. Reynolds admits to these violations.

### KBA File 17083

Reynolds filed a civil action in Jefferson Circuit Court on behalf of Edward Mialback on December 5, 2005. She did not comply with the court's order to supplement her answer to an interrogatory, and the court dismissed Mialback's action for this noncompliance and Reynolds' failure to prosecute. Despite filing a Notice of Appeal, she did not respond to the court's order directing her to explain why she had not filed a prehearing statement. The Court of Appeals issued an order on January 22, 2008 requiring Reynolds to show cause why a fine should not be imposed for her failure to comply with its previous order, and, after Reynolds failed to respond, imposed a $500.00 fine. Reynolds did not pay the fine until the Court of Appeals issued an order directing her to show cause why she should not be held in contempt or why additional sanctions should not be imposed—and stating that her failure to comply with this order would result in the issuance of a bench warrant. Counsel for Reynolds appeared at the show cause hearing and paid the fine. By order dated November 3, 2008, the Court of Appeals determined that it would not find Reynolds in contempt of court.

On July 28, 2009, the Inquiry Commission issued a two-count charge against Reynolds, alleging that she: (1) violated SCR 3.130–1.3 by failing to act diligently when she did not supplement her answer to an interrogatory, resulting in the dismissal of Mialback's claim, and when she failed to file a prehearing statement resulting in the dismissal of his appeal; and (2) violated SCR 3.130–3.4(c) when she failed to comply with the orders of the Jefferson Circuit Court and the Court of Appeals, resulting in the dismissal of both actions. Reynolds admits to these violations.

### KBA File 17087

Following a car accident, Achour Hamid retained Reynolds to represent him in the matter in November 2006. After attempting to contact Reynolds unsuccessfully,

Hamid went to her office and learned that Reynolds had closed it and relocated to Fowler, Indiana without informing him. Hamid filed a bar complaint against Reynolds, and she responded that she had returned Hamid's file to him and instructed him to retain other counsel.

On September 24, 2009, the Inquiry Commission issued a one-count charge against Reynolds, alleging that she violated SCR 3.130–1.16(d) by closing her law office in early 2008 and not providing Hamid with his client file until January 2009, after he filed a bar complaint against her. Reynolds admits to this violation.

### KBA File 17285

David Hayden retained Reynolds to represent him following an automobile accident, and executed a contingency fee agreement. While his case was ongoing, Hayden received calls regarding his unpaid medical bills and informed Reynolds about them. When Hayden's claim settled, Reynolds retained $2,500.00 from the proceeds for the payment of his medical bills, but provided no written statement of the settlement showing the disposition of the funds. Although Reynolds assured him that she would pay his medical bills with the retained proceeds, Hayden continued to be contacted about his medical bills and they were eventually submitted for collection. During this time, Hayden was unable to reach Reynolds and later learned that she had closed her law office and moved to Indiana.

On September 21, 2009, the Inquiry Commission issued a four-count charge against Reynolds, alleging that she: (1) violated SCR 3.130–1.4(a) by failing to return Hayden's calls about his medical bills and not advising him that she was closing her law office; (2) violated SCR 3.130–1.5(c) by not providing Hayden a written statement of the recovery which showed

the disposition of the funds and the method of that determination; (3) violated SCR 3.130–1.15(b) by retaining $2,500.00 from Hayden's settlement for unpaid medical bills but failing to pay said medical bills; and (4) violated SCR 3.130–1.16(d) by closing her law office without informing Hayden and failing to resolve his unpaid medical bills. Reynolds admits to these violations.

### KBA File 17286

Just as in David Hayden's case, Vernie Hayden retained Reynolds after she was involved in an automobile accident and executed a contingency fee agreement. Ms. Hayden received calls regarding her unpaid medical bills and provided this information to Reynolds. Reynolds retained $2,000.00 from Ms. Hayden's eventual settlement for her medical bills and assured her that they had been paid, but Reynolds provided no written statement of the settlement showing the disposition of the funds to Ms. Hayden. Ms. Hayden's medical bills went unpaid, she continued to be contact in regard to them, and they were eventually submitted for collection. Ms. Hayden was unable to reach Reynolds to discuss this matter and later learned the she had closed her law office and moved to Indiana.

On September 23, 2009, the Inquiry Commission issued a four-count charge against Reynolds, alleging (just as the September 21, 2009 charge) that she: (1) violated SCR 3.130–1.4(a) by failing to return Ms. Hayden's calls about her medical bills and not advising her that she was closing her law office; (2) violated SCR 3.130–1.5(c) by not providing Ms. Hayden a written statement of the recovery which showed the disposition of the funds and the method of that determination; (3) violated SCR 3.130–1.15(b) by retaining $2,500.00 from Ms. Hayden's settlement

for unpaid medical bills, but failing to pay said medical bills; and (4) violated SCR 3.130–1.16(d) by closing her law office without informing Ms. Hayden and failing to resolve her unpaid medical bills. Reynolds admits to these violations.

## KBA File 17412

Reynolds filed a civil action in Jefferson Circuit Court on May 18, 2006, after being retained by the plaintiff in a subrogation matter. Reynolds failed to respond to discovery or take any other actions to pursue the matter, and the court dismissed the action on March 26, 2007. Reynolds did not advise her client of the status of the matter in spite of requests for such information. Reynolds failed to notify her client that she had closed her law office and to provide the client with the case file. Reynolds' client did not learn of the dismissal until after the time for filing an appeal had expired.

On July 28, 2009, the Inquiry Commission issued a four-count charge against Reynolds, alleging that she: (1) violated SCR 3.130–1.3 by failing to respond to discovery or take any affirmative action to protect her client's interests in the matter; (2) violated SCR 3.130–1.4(b) by failing to respond to requests from the client for status information, failing to inform the client that the court had dismissed the suit, and failing to inform the client that she was closing her law office; (3) violated SCR 3.130–1.16(d) by failing to notify the client that the suit had been dismissed, failing to notify the client that she was terminating the representation and closing her office, and by failing to provide the client the case file when she terminated the representation; and (4) violated SCR 3.130–3.2 when she failed to respond to discovery and failed to take any actions to protect the client's interests in the matter,

resulting in the dismissal of the action. Reynolds admits to these violations.

## KBA File 18189

On November 13, 2009, Shanna Portman filed a Bar complaint against Reynolds alleging that, on July 25, 2006, she retained Reynolds for representation regarding injuries sustained by her minor child and executed a written contingency fee agreement. The matter was settled before trial and Reynolds retained $13,354.45 from the proceeds, allegedly in order to pay the subrogation interest of Anthem Blue Cross Blue Shield, but failed to provide Portman with a written statement of the settlement showing the distribution of proceeds. In July 2009, counsel for Anthem contacted Portman regarding the unresolved medical lien. Portman was unable to reach Reynolds to discuss the matter and was unaware that she had closed her law office. Reynolds acknowledges that she retained the $13,354.45 from Portman's settlement proceeds but is unable to account for those funds.

While Reynolds filed this Motion to Resign Under Terms of Permanent Disbarment before the Inquiry Commission issued a charge related to this matter, she acknowledges that there is probable cause for the issuance of a charge by the Inquiry for violations of SCR 3.130–1.4(a), SCR 3.130–1.5(c), SCR 3.130–1.15(b), SCR 3.130–1.16(d), and SCR 3.130–8.3(c). She requests that we grant her motion to resign under terms of permanent disbarment.

Reynolds states that she understands that the provisions of SCR 3.480(3)(a) and 3.510 do not apply and that she is not eligible to seek reinstatement to the practice of law in the Commonwealth.

Agreeing with Reynolds and the KBA that Reynolds' motion to resign under

terms of permanent disbarment is appropriate, it is hereby ORDERED that:

1. Heather Clark Reynolds is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky;

2. Pursuant to SCR 3.390, Reynolds shall, within ten days from the entry of this Opinion and Order, notify all clients with Kentucky cases in writing of her inability to represent them, and notify all courts in which she has matters pending of her suspension from the practice of law, and furnish copies of said letters of notice to the Director of the KBA. Furthermore, to the extent possible and necessary, Reynolds shall immediately cancel and cease any advertising activities in which she is engaged; and

3. In accordance with SCR 3.450, Reynolds shall pay all costs associated with these proceedings, said sum being $355.27, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 21, 2010.

/s/ John D. Minton, Jr.